**John D. BROWN et al., Appellants,**

v.

**Gary W. GIUFFRE et al., Appellees.**

**No. 16840.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 3, 1977.

Werner & Rusk, John C. Werner, Houston, for appellants.

Garrett & Letbetter, Max Garrett, George Payne, Houston, for appellees.

EVANS, Justice.

The appellants, as representative members of Traditional Catholics of Houston, Inc., a non-profit church corporation, brought this action against appellees, Gary W. Giuffre, Ronald J. Keller, and James D. Giuffre, for the purpose of removing them as officers and directors of that corporation. After hearing motions for summary judgment filed on behalf of both sides, the trial court denied the plaintiffs' motion and entered judgment in favor of the appellees. Its judgment will be affirmed.

Traditional Catholics of Houston, Inc. held its organizational meeting in February 1975. At that meeting the appellees were elected as directors of the corporation and as president, vice president and secretary-treasurer. In February 1976 by unanimous vote, the same three directors elected themselves to serve in their same capacities as directors and officers of the corporation for an additional one year period.

In one point of error the appellants assert that the trial court erred in its holding that the directors and officers of the corporation could succeed themselves in such capacities for successive years.

The management of the corporate affairs of a non-profit church corporation is vested in its board of directors or trustees unless otherwise provided by the terms of its articles of incorporation or its by-laws. Article 1396–2.14, Texas Non-Profit Corporation Act. The directors constituting the first board of directors shall be named in the articles of incorporation and shall hold office until the first annual election of directors or for such other period as may be specified in the articles of incorporation or the by-laws. In the absence of a provision fixing the directors' term of office, the term of office shall be for a period of one year. Article 1396–2.15(B).

The officers of a non-profit corporation are to be elected or appointed in such manner and for such terms not exceeding three years as may be prescribed in the articles of incorporation or the by-laws. In the absence of specific provision, officers are to be elected or appointed annually by the board of directors. Article 1396–2.20, Texas Non-Profit Corporation Act.

The pertinent provisions of the by-laws of Traditional Catholics of Houston, Inc. are as follows:

ARTICLE IV—BOARD OF DIRECTORS

4.1 *General Powers.* The business, property and affairs of the corporation shall be managed and controlled by the board of directors and, subject to such restrictions as may be imposed by law, the articles of incorporation or by these by-laws, the board of directors may and are fully authorized to exercise all the powers of the corporation.

4.2 *Initial Board of Directors.* The initial board of directors shall be composed of the seven (7) persons named as such in the articles of incorporation and they shall hold office until the meeting of the initial board of directors for the completion of the organization of the corporation and for the election of new directors. Thereafter the number of directors, their term of office and the

manner of their election shall be determined as provided in these by-laws.

4.3 *Number of Directors, Election and Term of Office.*

4.3(1) *Election of Board of Directors. The initial board of directors* shall nominate and elect three (3) succeeding directors which number shall comprise the total number of the board of directors. Thereafter such newly elected directors shall likewise at the end of their term nominate and elect their succeeding directors at an annual meeting for such purpose. Directors for each succeeding term shall be elected by a majority of the immediately *incumbent directors.*

4.3(2) *Term of Directorship.* Each director shall hold office for a one (1) year term until the next annual election of directors and until his successor shall have been elected and qualified.

ARTICLE V—OFFICERS

5.1 *Officers.* The principal officers of the corporation shall be a president, a vice-president, a secretary and a treasurer, who shall be elected by the board of directors. The principal officers shall be required to be directors. Where there are three (3) directors, two officers shall be held by the same director, except in no event shall the director who is president also hold the office of secretary.

5.2 *Election and Term of Office.* The officers of the corporation shall be elected annually by the board of directors at the regular annual meeting of the board of directors. If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently possible.

When authorized pursuant to the terms and conditions contained in these by-laws new principal offices may be created and filled at any meeting of the board of directors.

Each officer shall hold office until his successor shall have been duly elected and qualified.

The appellants contend that since the by-laws provide that the directors shall hold office for a one year term "until the next annual election of directors" and "until his successor shall have been elected and qualified," that the term of a particular director is limited to the one year term and that such director cannot succeed himself to the same position of office. The appellants apply this same rationale to the by-law provisions relating to the officers of the corporation, and argue that it would be unreasonable and illogical to assume that the members of the corporation, in drafting its by-laws, intended to permit the initial directors and officers to perpetuate themselves in complete control of the corporate affairs by voting themselves into managerial positions over successive years.

Where the officers and directors of a non-profit charitable organization are elected for annual terms, it is not outside the ordinary meaning of the term "successor" to say that one who is elected may succeed himself. The word "successor" is generally considered to mean "one who follows". *Thompson v. North Texas National Bank,* 37 S.W.2d 735 (Tex.Com.App.1931); *International Association of Machinists v. Falstaff Brewing Corporation,* 328 S.W.2d 778, 781 (Tex.Civ.App.-Houston 1959, no writ). The use of the word "successor" in the corporate by-laws of Traditional Catholics of Houston, Inc. does not require a construction that the party succeeding to the position must be a person different from the party who is being succeeded.

Under the statutes applicable to a non-profit church corporation, a by-law provision vesting in the board of directors the right to manage the corporate affairs, and thus to control the election of successors to the board, does not infringe upon any property or other enforceable right of the membership. *Bailey v. American Soc. for Prevention of Cruelty to Animals,* 282 App.Div. 502, 125 N.Y.S.2d 18 (1953). Where so authorized by statute, it is not unlawful, arbitrary or unreasonable for the board of directors of a non-profit charitable organization to be granted such powers. *Fletcher*

Corporations, Vol. 8, Section 4210, p. 827 (Rev.1966); 19 Am.Jur.2d, Section 1083, p. 530; *In re Mt. Sinai Hospital,* 250 N.Y. 103, 164 N.E. 871, 62 A.L.R. 564 (1928). Since the members of Traditional Catholics of Houston, Inc. elected to vest full control of the affairs of the corporation in its board of directors, and since the provisions of the corporation's by-laws do not prohibit the directors or the officers of the corporation from succeeding themselves to their same positions for successive years, the appellees are entitled to maintain the positions to which they have been duly elected.

The judgment of the trial court is affirmed.